UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN LENARD, | No. 2:13-cv-2548 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| THE SHERWIN-WILLIAMS COMPANY, | |
| Defendant. | |

I. BACKGROUND

Plaintiff served defendant with a Demand for Inspection of Premises and/or Things, as permitted by Fed. R. Civ. P. 34(a)(2). See ECF No. 11 at 4-5. He sought permission to inspect, photograph and video tape the entire physical premises of defendant's location (exterior and interior), which is the facility plaintiff managed before he was fired. It is also the facility where plaintiff engaged in a "heated" verbal exchange with his subordinate, which is what defendant says led to his being fired. Defendant refused to permit the inspection. Plaintiff's motion to compel the site inspection is now before the court.

II. LEGAL STANDARDS

A. Legal Standards

The scope of discovery under Federal Rule of Civil Procedure 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

1

1   defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the

2   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.  As

3   the Supreme Court reiterated in Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978),

4   relevance "has been construed broadly to encompass any matter that bears on, or that reasonably

5   could lead to other matter that could bear on, any issue that is or may be in the case."

6   Oppenheimer, 437 U.S. at 351 (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

7       Pursuant to Rule 37(a), a party requesting inspection of property may seek an order

8   compelling such inspection when the requested party "fails to respond that inspection will be

9   permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ.

10  P. 37(a)(3)(B)(iv).

11      The party seeking to compel discovery has the initial burden of establishing that its

12  request satisfies the relevance requirements of Rule 26(b)(1). Reece v. Basi, 2014 WL 2565986,

13  at *2 (E.D. Cal. 2014) (Claire, M.J.).  Following that showing (or if relevance is plain from the

14  face of the request), the party who resists discovery then has the burden to show that discovery

15  should not be allowed, and carries the "heavy burden of clarifying, explaining, and supporting its

16  objections." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

17              III.  THE DISCOVERY REQUEST
                          ----------
18

19  PLAINTIFF'S DEMAND FOR INSPECTION OF PREMISES AND/OR THINGS

20  Location:    250 Dos Rios Street
                Sacramento, CA 95811
21  Date:        December 9, 2014
22  Time:        6:00 a.m.

23      PLEASE TAKE NOTICE that Plaintiff NATHAN LENARD demands an inspection of
    the physical premises of Defendant THE SHERWIN-WILLIAMS COMPANY located at 250
24  Dos Rios Street, Sacramento, California 95811, including the exterior of any building on the
    property and the interior of the property made accessible to Mr. Lenard during the course and
25  scope of his employment.  This site inspection will be conducted on Tuesday, December 9, 2014,
    beginning at 6:00 a.m.
26

27      During the site inspection Plaintiff intends to photograph and video tape all areas
    described above.
28

----------

## IV.  ARGUMENTS

A. Relevance (Objections 2 and 6)

1. <u>Plaintiff's argument</u>

Plaintiff asserts that a site inspection is relevant to at least one issue, namely, why plaintiff raised his voice during the exchange with his subordinate that lead to plaintiff being fired. Plaintiff asserts that he had to raise his voice in order to be heard over the noise of nearby "shakers." <u>See</u> ECF No. 12 at 29 (email exchange between counsel) & at 40 (plaintiff testifies that he was yelling "loud over the shakers," "[w]e were close to the shakers then"). Plaintiff wants to video tape the premises so that he can show the jury how loud the shakers were.

Plaintiff also asserts that the exchange took place in several different parts of the premises. He wants to be able to show the jury where the exchange took place. He asserts that this will help the jury to decide whether particular witnesses could really have overheard the exchange or not. ECF No. 12 at 11. Plaintiff also asserts that plaintiff was the manager of the entire facility, and "the entire premises is therefore relevant to Plaintiff's claims." ECF No. 12 at 10.

2. <u>Defendant's argument</u>

Defendant asserts that the only relevant issue here is that plaintiff threatened his subordinate by saying, among other things, "Don't be surprised if I show up at your house." ECF No. 12 at 3. It argues that the inspection is not likely to lead to admissible evidence, because the location is irrelevant to why plaintiff was fired. He was fired because he yelled at and threatened a subordinate, while they were standing only 2 or 3 feet apart, defendant says. It was the threat, not the location, that got plaintiff fired.

Defendant further asserts that the noise levels cannot be re-created in an inspection because plaintiff wrongly "assumes that there are the same number of shakers, that the same exact shakers are still in the facility, that the shakers still make the same sound (i.e., that the sound has not changed over time), etc." ECF No. 12 at 15 ¶ 6. Defendant argues that it is "safe to assume" that the facility is different now than it was then, and so it will not show anything about sound levels that might otherwise be relevant to why plaintiff was yelling. <u>Id.</u>, at 15 ¶ 6. Defendant

3

asserts that "[t]his information, of course, can best be obtained through deposition testimony." Id., at 7.

### 3. Analysis

Plaintiff has met his burden of demonstrating relevance. Defendant's own assertions make clear that it intends to show at trial not just that plaintiff made a threatening remark, but that the context in which the exchange occurred contributed to the threatening nature of his remark: that plaintiff and his subordinate were standing just 2-3 feet apart; that plaintiff towered over the subordinate; and that plaintiff was yelling at the subordinate. Id., at 19-20.

Plaintiff is entitled to show that the physical layout of the premises explained why plaintiff was standing so close, and why he had to yell to be heard over the shakers. Perhaps more to the point, plaintiff is entitled to present his case to the jury as he thinks best, within reason. If he thinks it would be more effective for the jury to hear the shakers, and to see how close the men were to them, rather than just hear testimony about them, he should be permitted to present it that way. Of course, defendant will be free to present testimony that the shakers didn't sound that way on the day of the exchange, and plaintiff will be free to present testimony saying that the shakers were that loud or louder, leaving it to the jury to decide for itself how to weigh any conflicting evidence.

The jury may have one view of a "heated" exchange that took place in a small, crowded space where plaintiff and his subordinate could not help but stand close together, and where they could not help yelling because of the noise. The jury might have an altogether different view of an exchange where plaintiff loomed over his subordinate, yelling at him, in a roomy, otherwise quiet space, where there would be no other explanation for the crowding and yelling other than to create a threatening atmosphere.

In addition, plaintiff was the manager of the entire facility, not just of the one spot where the heated exchange took place. One of defendant's defenses is that it fired plaintiff because he did not do his job managing the facility properly – not because of race or retaliation – and so gathering information about the entire facility appears relevant. Finally, defendant's counsel describes the reason for plaintiff's termination as "violation of a workplace safety policy." ECF

1  No. 12 at 62 (email exchange). It seems that an inspection of the workplace could be relevant to
2  this issue.

3        B.     <u>Annoying, Harassing, Oppressive, etc. (Objections 1, 4 and 8)</u>

4  Defendant argues that since the request is not designed to discover admissible evidence, it
5  must be designed to annoy, harass, embarrass, oppress, and increase the cost of litigation. As
6  discussed above, however, the inspection request is valid and could lead to admissible evidence.

7  Defendant further states that the request for inspection comes on top of other excessive
8  discovery requests – more than 350 requests for production, and a Rule 30(b)(6) deposition with
9  more than 80 topics, and 200 additional, "duplicative" requests for production – making it unduly
10 burdensome. However, these other discovery requests are not before the court. Plaintiff has only
11 asked to compel plaintiff to permit an inspection of the facility, and defendant has asked only to
12 deny or limit it. If defendant wants a protective order regarding these other discovery requests, it
13 can request one in a separate motion, or it could have cross-moved for one here. It has not
14 pursued either course.

15 Defendant also asserts that a site inspection would be disruptive to its business, especially
16 considering that the other people involved in the exchange, or witnesses to it, will be working
17 there. However, this is no longer an issue, as both sides agree that the inspection can take place
18 during non-business hours.

19       C.     <u>Overbreadth (Objection 3)</u>
20           1.     <u>Defendant's argument</u>

21 Defendant argues that the inspection request is overbroad, because plaintiff's request
22 allows him to inspect parts of the facility having nothing to do with the exchange, and even to
23 "rummage" through his former office, though it has nothing to do with the case.

24           2.     <u>Plaintiff's argument</u>

25 Plaintiff argues that Rule 34 does not limit his inspection to the exact spot where the
26 exchange occurred. In any event, areas other than the exact spot of the exchange are relevant to
27 determining where other witnesses could have been, and whether they could have overheard or
28 seen the exchange. Also, plaintiff points out that he was the manager of the entire facility, not

just the spot where the exchange occurred.

### 3. Analysis

Defendant does not meet his burden of establishing overbreadth.  It cites no case or rule indicating that plaintiff is limited to inspection of the precise location of the incident that led to his firing, and no other place.  As noted above, defendant's Affirmative Defenses include assertions that plaintiff did not do his job properly, and that he was dismissed for non-discriminatory reasons.  ECF No. 6 (Answer) at 15 16 ¶¶ 12 15.

Plaintiff is entitled to make his case to the jury however he wishes, within reason.  If he thinks it is effective to show what the entire workplace that he managed looks like, the court knows of no reason he should be prevented from doing so.  Plaintiff is not an employee who never left the mailroom, is suing a supervisor who also never left the mailroom, but is nevertheless demanding access to the executive suite in discovery.

In addition, one of the non-discriminatory reasons defendant may offer as contributing to plaintiff's firing or to its overall treatment of plaintiff, is that plaintiff took the entire workforce on a fishing trip, on a work day, leaving only one employee behind to mind the shop.  See Answer (ECF No. 6) ¶ 21.  Plaintiff is entitled to gather evidence on how big (or small) the workplace is, as that might affect the jury's determination of whether leaving just one employee behind would legitimately cause an employer to want to fire him.  Of course, plaintiff could hire an architect as an expert to present the exact dimensions of the premises, but plaintiff is entitled to conclude that it would be more effective to show a video or photographs of the facility.

### D. Privacy Rights (Objection 5)

Defendant argues the photographing and video taping will violate the privacy rights of employees who do not want to be photographed or video taped.

This is not a live dispute, as plaintiff "has agreed not to photograph or videotape any individual should a site inspection proceed," and has also agreed that it may take place during non-business hours.

### E. Protective Order (Objection 7)

Defendant objects that plaintiff wants to proceed "without an appropriate protective

1  order." ECF No. 12 at 15. Defendants asks for (but has not filed a motion for) a protective order
2  limiting any inspection to 10 minutes.[1] Plaintiff requested 30 minutes in his papers, but at oral
3  argument, plaintiff's counsel indicated that 30 minutes is the length he thought inspection would
4  likely take, based on his past experience. Plaintiff argues, however, that he cannot predict with
5  confidence how long inspection will take, since defendant has denied him photos or layouts of the
6  facility. Thus, he now seems to be asking that no time limit be placed on the inspection.

7  The lack of a protective order is not a valid objection. It is the responsibility of the party
8  <u>resisting</u> discovery, not the party <u>seeking</u> discovery, to seek a protective order. However, this
9  court is free to issue an appropriate protective order here, if it grants the motion in part and denies
10 it in part. Fed. R. Civ. P. 37(a)(5)(C). The court agrees that some time limitation is warranted,
11 since plaintiff seeks to inspect an active business premises. The inspection will therefore be
12 limited to one hour, based upon the representations of plaintiff's counsel of the time it normally
13 takes him to conduct such an inspection, and his unfamiliarity with the facility at issue.

## V. ATTORNEY'S FEES

Plaintiff asks the court to order defendant "to pay Plaintiff the reasonable expenses, including attorneys' fees, incurred by him in bringing this motion." ECF No. 12 at 18. Defendant has not responded to this request.

Federal Rule of Civil Procedure 37(a)(5) provides that if the court grants a motion to compel discovery, it "must" order the non-moving party to pay the moving party's "reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). However, the Rule recognizes a number of exceptions, such as where a motion to compel "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Accordingly, the determination of the propriety of awarding attorneys' fees is within the discretion of the court. The Local Rules are not explicit with regard to when a motion for an award of fees under Rule 37 must be brought.

The court cannot rule on plaintiff's request for fees at this time, as plaintiff has not

---

[1] At oral argument, defendant asked for a 15 minute limit.

7

1  provided any information about how much it seeks in fees, the hours worked in bringing and
2  arguing the motion to compel, the hourly rate at which he seeks fees, or any other information
3  that would enable the court to rule.  The parties will therefore be granted an opportunity to brief
4  the attorney's fee matter.

5  Without ruling on the request, the court notes that all of defendant's objections to the
6  discovery request are overruled, except for two.  First, defendant objected that the inspection
7  could violate the privacy rights of persons who do not wish to be photographed or video taped.
8  ECF No. 12 at 15 ¶ 5.  Second, defendant objected that the inspection request stated no end time
9  and could disrupt defendant's business operations.  ECF No. 12 at 15 & 16 ¶¶ 6 & 8.  Prior to
10 filing his motion to compel, plaintiff specifically offered to revise his inspection demand to allay
11 those concerns.  See ECF No. 12 at 73 (noting that the inspection was scheduled to occur at 6:00
12 a.m., one-half hour before business hours; offering to do the inspection even earlier; and offering
13 to revise the inspection demand to specifically note that no persons would be photographed or
14 video taped).  Accordingly, the court is inclined to award plaintiff fees, but will defer a decision
15 until hearing from both parties.

16 ## VI.  CONCLUSION

17 The request for an inspection seeks relevant information that may lead to admissible
18 evidence.  Defendant's objections are all OVERRULED, except to the degree they seek a time
19 limit on the requested inspection.

20 Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

21 1.     Plaintiff's motion to compel (ECF No. 11), is GRANTED in part, to the degree it
22 seeks an inspection of the entire facility at issue, not limited to the location(s) where the exchange
23 between plaintiff and his subordinate took place.

24 2.     Plaintiff's motion to compel (ECF No. 11), is DENIED in part, but only to the
25 degree it seeks to avoid any time limitation.

26 3.     Pursuant to Fed. R. Civ. P. 37(a)(5)(C), the court orders that the requested site
27 inspection shall take place no later than two weeks from the date of this order, during a one-hour
28 block of time before the facility opens for normal business, or at such other time as the parties

may agree.[2]

4. Plaintiff shall have seven days from the date of this order to file a declaration together with a letter brief in support of its request for expenses. The letter brief is not to exceed two pages. Within seven days thereafter, defendant may file a reply letter brief, not to exceed two pages. The request for expenses will thereafter stand submitted.

DATED: February 25, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant requested in its papers and at oral argument that plaintiff be ordered not to "rummage" through files or computers. Plaintiff has requested only an inspection, not a search or a document production, so this order does not authorize plaintiff to access defendant's files.