UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN LENARD,

Plaintiff,

v.

THE SHERWIN-WILLIAMS COMPANY,

Defendant.

No. 2:13-cv-2548 KJM AC

ORDER

## I. BACKGROUND

On February 2, 2015, plaintiff filed a motion to compel defendant to comply with plaintiff's Demand for Inspection of Premises and/or Things, as permitted by Fed. R. Civ. P. 34(a)(2). See ECF No. 11. Plaintiff sought permission to inspect, photograph and video tape the entire physical premises of defendant's location (exterior and interior), which is the facility plaintiff managed before he was fired. It is also the facility where plaintiff engaged in a "heated" verbal exchange with his subordinate, which is what defendant says led to his being fired. Defendant refused to permit the inspection. The parties filed their Joint Statement (ECF No. 12), pursuant to E.D. Cal. R. 251(c), and the court heard oral argument on the matter.

Following the hearing, the court granted plaintiff's motion to compel in substantial part. ECF No. 14. The order overruled every one of defendant's objections, and denied its requested protective order. Id. The only restriction the court imposed on plaintiff's requested inspection

1

1  was a time limit of one hour. Id. at 7. However, this restriction only ordered plaintiff to do what
2  he had already offered to do during the parties' negotiations relating to their "meet and confer"
3  obligation, namely, to conduct the inspection at a time when the plant was not open for business.
4  See Joint Statement at 24 ("Plaintiff noticed this inspection to commence at 6:00 a.m. so as not to
5  interrupt Defendant's business operations"). Moreover, the order granted plaintiff more time than
6  the 30 minutes of inspection time that he had requested during the parties' negotiations. See Joint
7  Statement at 24 ("Plaintiff anticipates that the site inspection would take no more than 30
8  minutes").[1]

9  The court directed the parties to submit letter briefs regarding plaintiff's request for
10 attorney's fees, was been included in plaintiff's motion to compel. Both parties have now
11 submitted briefs, and plaintiff has included a declaration setting forth the time spent on the
12 motion to compel and the fees requested. ECF Nos. 16 & 18.

13                         II.  LEGAL STANDARDS
14     A.  Legal Standards
15 Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is
16 granted, the court "must," after providing an opportunity to be heard, require the party whose
17 conduct necessitated the filing of the motion to pay reasonable expenses including attorney's fees.
18 Fed. R. Civ. P. Rule ("Rule") 37(a)(5)(A). However, the Court "must not" order payment if the
19 moving party filed the motion before attempting in good faith to resolve the matter, if the
20 nondisclosure was substantially justified or if other circumstances made an award unjust.
21 Rule 37(a)(5)(A)(i)-(iii).
22     B.  Analysis
23 Defendant argues that its position was "substantially justified." See ECF No. 18. The
24 court does not agree. Defendant's initial objection to the requested inspection may well have
25 been reasonable, inasmuch as it did not understand the need for the requested inspection, was

26
27 [1] However, at the hearing, plaintiff backtracked, and seemed to be requesting unlimited time.
   The motion to compel was partially "denied" only to the degree that plaintiff sought an unlimited
28 time for inspection.

concerned about the privacy of its employees, and the possible interruption to its business. See Joint Statement at 23-24.  However, plaintiff fully explained why the inspection was needed and offered complete and satisfactory resolutions of every one of defendant's arguably legitimate concerns.  Indeed, before filing his motion to compel, plaintiff specifically offered to revise its inspection demand to allay those concerns. See ECF No. 12 at 24 (noting that the inspection was scheduled to occur at 6:00 a.m., one-half hour before business hours; offering to do the inspection even earlier; noting that the request does not request photos of employees; and offering to revise the inspection demand to specifically note that no persons would be photographed or video taped).

Defendant was not substantially justified in continuing to resist the discovery once the meet and confer process had resolved all of its arguably legitimate concerns.  In addition, plaintiff sought to resolve this discovery dispute before bringing his motion to compel, and the court is aware of no circumstances making an award of fees to plaintiff unjust.  Accordingly, the court will grant plaintiff's motion for attorney's fees.  Defendant does not separately object to the amount of fees requested, and the court's examination of plaintiff's declaration in support of the requested fees shows the request for $4,960.00$^2$ to reasonable on its face.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for $4,960.00 in attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A), is GRANTED;

2. Within fourteen days from the date of this order, defendant's counsel shall pay to plaintiff's counsel $4,960.00; and

3. Within fourteen days from the date of this order, plaintiffs' counsel shall serve and file a

////

---

[2] The summary paragraph of plaintiff's counsel's declaration claims total fees of $4,480.00, based upon a total of 12.1 hours, the purported sum of the hours detailed earlier in the declaration. In fact, the hours detailed in the declaration total 12.4 hours, so the court used this figure.  With plaintiff's claimed hourly rate of $400, the total fee is $4,960.00.  (Even if the court had used plaintiff's 12.1 total hours, the total fee would have been  $4,840.00, not the $4,480.00 plaintiff claimed.)

3

sworn affidavit or declaration stating that the above payment has been made, and that it was not billed to defendant.

DATED: April 10, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE